OFFICE OF DISCIPLINARY COUNSEL *v.* LOWE.

[Cite as *Disciplinary Counsel v. Lowe* (1996), 75 Ohio St.3d 427.]

(No. 95–2180—Submitted February 20, 1996—Decided April 17, 1996.)

*Geoffrey Stern,* Disciplinary Counsel, and *Harald F. Craig III,* Assistant Disciplinary Counsel, for relator.

*Charles W. Kettlewell,* for respondent.

*Per Curiam.* Upon review of the record, we concur with the board's findings of fact, conclusions of law, and recommendations. Counsel for Lowe argues that the felonies of which Lowe was convicted in 1990 do not relate to the practice of law, and that in the rural community where Lowe lives a person's reliability is based on his reputation rather than on a credit report. However, the activities which underlay Lowe's previous suspension in 1981 did relate to the practice of law. Moreover, a review of these felony convictions indicates that, after his previous suspension, Lowe continually demonstrated both a lack of care in financial matters and a disdain for the requirements of banking law. As the board pointed out, Lowe continued a pattern of conduct despite his previous 1981 indefinite suspension.

Underlying all of our Disciplinary Rules is an attorney's duty of care, not only to the affairs of specific clients, but also to the requirements of the law. Strict adherence to the law is required of all attorneys whether they practice in urban or rural areas.

Accordingly, we order that the respondent, Harry Donovan Lowe, be disbarred from the practice of law in Ohio. Costs taxed to the respondent.

*Judgment accordingly.*

Moyer, C.J., Douglas, Sundermann, Resnick, F.E. Sweeney and Cook, JJ., concur.

Pfeifer, J., dissents and would indefinitely suspend respondent.

J. Howard Sundermann, Jr., J., of the First Appellate District, sitting for Wright, J.