[This opinion has been published in *Ohio Official Reports* at 75 Ohio St.3d 427.]

OFFICE OF DISCIPLINARY COUNSEL *v*. LOWE.

[Cite as *Disciplinary Counsel v. Lowe*, 1996-Ohio-213.]

*Attorneys at law—Misconduct—Permanent disbarment—Conviction of eleven felony counts in federal court—Previous suspension from the practice of law.*

(No. 95-2180—Submitted February 20, 1996—Decided April 17, 1996.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 90-49.

———————————

{¶ 1} On February 23, 1990, Harry Donovan Lowe of McConnelsville, Ohio, Attorney Registration No. 0031399, was convicted in federal court on five counts of using a false Social Security Number in financial transactions, on four counts of making false representations in a loan application, on one count of bank fraud, and on one count of transporting interstate fraudulent securities. The federal judge sentenced Lowe to five years in prison, but suspended the sentence and placed Lowe on probation. Lowe was additionally fined $10,000 and ordered to perform three hundred hours of public service annually for three years. On March 30, 1990, pursuant to former Gov. Bar R. V(9)(a)(iii)(now V[5][A][3]) this court suspended Lowe indefinitely from the practice of law for the conviction of a felony.

{¶ 2} On August 22, 1990, relator, the Office of Disciplinary Counsel, filed a five-count complaint before the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") against Lowe. Counts I through IV of the relator's complaint alleged that the eleven felonies of which Lowe was convicted in federal court constituted four separate violations of three Disciplinary Rules: DR 1-102(A)(3) (conduct involving moral turpitude), 1-102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation), and 1-102(A)(6) (other

conduct that adversely reflects on fitness to practice law). Because Lowe had previously been suspended from the practice of law in 1981 (*Ohio State Bar Assn. v. Lowe* [1981], 67 Ohio St. 2d 335, 21 O.O.3d 211, 423 N.E.2d 867) and reinstated in 1986, the relator in Count V alleged that under then Gov. Bar R. V(8) (analogous to present V[6][C]), such prior disciplinary offenses warranted enhancement of disciplinary sanctions.

{¶ 3} In his answer, Lowe denied that he had fraudulently represented his Social Security Number in various financial transactions, that he had made false written statements on a loan application, that he had committed bank fraud, that he had engaged in the interstate transportation of fraudulent securities, and that his prior disciplinary offenses justified an increase in any disciplinary sanction to be imposed.

{¶ 4} After a hearing, a panel of the board found that Lowe had been previously suspended from the practice of law in 1981 and that Lowe had been convicted on eleven felony counts in federal court. The panel concluded that Lowe's eleven violations of federal law also violated DR 1-102(A)(3), 1-102(A)(4), and 1-102(A)(6), and recommended that Lowe be disbarred.

{¶ 5} The board adopted the panel's findings of facts and conclusions of law, and concurred with the panel's recommendation that Lowe be permanently disbarred. The board further recommend that the costs of the proceedings be taxed to Lowe.

_____

*Geoffrey Stern*, Disciplinary Counsel, and *Harald F. Craig III,* Assistant Disciplinary Counsel, for relator.

*Charles W. Kettlewell,* for respondent.

_____

***Per Curiam.***

**{¶ 6}** Upon review of the record, we concur with the board's findings of fact, conclusions of law, and recommendations. Counsel for Lowe argues that the felonies of which Lowe was convicted in 1990 do not relate to the practice of law, and that in the rural community where Lowe lives a person's reliability is based on his reputation rather than on a credit report. However, the activities which underlay Lowe's previous suspension in 1981did relate to the practice of law. Moreover, a review of these felony convictions indicates that, after his previous suspension, Lowe continually demonstrated both a lack of care in financial matters and a disdain for the requirements of banking law. As the board pointed out, Lowe continued a pattern of conduct despite his previous 1981 indefinite suspension.

**{¶ 7}** Underlying all of our Disciplinary Rules is an attorney's duty of care, not only to the affairs of specific clients, but also to the requirements of the law. Strict adherence to the law is required of all attorneys whether they practice in urban or rural areas.

**{¶ 8}** Accordingly, we order that the respondent, Harry Donovan Lowe, be disbarred from the practice of law in Ohio. Costs taxed to the respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, SUNDERMANN, RESNICK, F.E. SWEENEY and COOK, JJ., concur.

PFEIFER, J., dissents and would indefinitely suspend respondent

J. HOWARD SUNDERMANN, JR., J., of the First Appellate District, sitting for WRIGHT, J.

———————————